**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**BETTY FROST,**

**Plaintiff,**

**vs.**

**TECO BARGE LINES,**

**Defendant.**             **No. 04-CV-00752-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction

On October 18, 2004, Plaintiff Betty Frost filed an admiralty complaint against Defendant Teco Barge Lines under the Jones Act, **46 U.S.C. § 688, *et seq.*,** and general admiralty and maritime law to recover for personal injuries sustained in the course and scope of her employment as a crew member aboard one of Defendant's vessels (**Doc. 1**).  Now before the Court is Plaintiff's Motion for Cure, Punitive Damages and/or Attorney Fees (**Doc. 14**).  Defendant opposes Plaintiff's motion (**Doc. 16**).  For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion.

### II. Analysis

"Under maritime law, cure and maintenance are rights given to seamen as incidents of their employment." ***Mullen v. Fitz Simons & Connell Dredge & Dock Co.*, 191 F.2d 82, 85 (7th Cir.), *cert. denied*, 342 U.S. 888 (1951)**.

"Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." ***Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962)**; ***see also In re RJF Int'l Corp. for Exoneration from or Limitation of Liability*, 354 F.3d 104, 107 (1st Cir. 2004)**.  Specifically, "[c]ure involves the payment of therapeutic, medical, and hospital expenses, again, until the point of 'maximum cure.'" ***Pelotto v. L & N Towing Co.*, 604 F.2d 396, 399 (5th Cir. 1979)(quoting *Farrell v. United States*, 336 U.S. 511 (1949); *Myles v. Quinn Menhaden Fisheries, Inc.*, 302 F.2d 146, 150 (5th Cir. 1962))**.  "Thus, where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved." ***Pelotto,* 604 F.2d at 400(citations omitted)**; ***accord Cox v. Dravo Corp.,* 517 F.2d 620, 623, 627 (3d Cir. 1975) (maintenance and cure payments not required if additional treatment is only to "arrest further progress of the disease or to relieve pain")**.

The shipowner's liability for maintenance and cure is pervasive and is not to be narrowly confined.  ***Vaughan,* 369 U.S. at 532**.  "A shipowner must pay maintenance and cure for any illness or injury which occurred, was aggravated, or *manifested itself* while the seaman was in the ship's service." ***Stevens v. McGinnis, Inc.,* 82 F.3d 1353, 1357-58 (6th Cir.)**, ***cert. denied***, **519 U.S. 981 (1996)(citing**

Martin J. Norris, The Law of Seamen § 26:21 (1985)); *see also McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir.)*, cert. denied*, 393 U.S. 894 (1968). "Maintenance and cure is payable even though the shipowner is not at fault, and regardless of whether the seaman's employment caused the injury or illness." *Stevens*, 82 F.3d at 1357 (citing *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938)). A plaintiff need not prove negligence to establish a claim for maintenance and cure because the obligations are contractual. *Sulentich v. Interlake Steamship Co.*, 257 F.2d 316, 320 (7th Cir.)*, cert. denied*, 358 U.S. 885 (1958); *Mullen*, 191 F.2d at 85; *Wactor v. Spartan Transp. Corp.*, 27 F.3d 347, 352 (8th Cir. 1994). Ambiguities and doubts are to be resolved in favor of the seaman. *Vaughan*, 369 U.S. at 532.

Plaintiff asserts that her medical records demonstrate that she suffers from lumbar facet arthropathy and sacroiliitis, secondary to her work-related injury of January 3, 2004 for which Dr. Moacir Schnapp has recommended treatment in the form of medication, nerve blocks and possible physical therapy (**Doc. 15, Brief in Support of Pl.'s Motion for Cure, Punitive Damages and/or Attorney Fees, Ex. K, Letter of Moacir Schnapp, M.D. to Kirk E. Karamanian dated Jan. 19, 2005**). Plaintiff argues that notwithstanding Dr. Schnapp's recommendation, Defendant persists in refusing Plaintiff this treatment in derogation of its cure obligation. Plaintiff asserts that Defendant's proffered reason for its denial of cure is Dr. Schnapp's "fleeting" reference to a non work-related peripheral neuropathy in his

December 6, 2004 office note (*Id.* **at Ex. E, Report of Moacir Schnapp, M.D., dated Dec. 6, 2004**).  Plaintiff argues that accepting defense counsel's invitation to provide clarifying information on this injury (*Id.* **at Ex. I, Letter of Ronald E. Fox to Kirk Karamanian dated Jan. 6, 2005**), Plaintiff submitted Dr. Schnapp's January 19, 2005 letter which removed any ambiguity concerning the causal relationship between the January 3, 2004 shipboard accident and the lumbar facet arthropathy and sacroiliitis (*Id.* **at Ex. K, Letter of Moacir Schnapp, M.D. to Kirk E. Karamanian dated Jan. 19, 2005**).

In response, Defendant argues that the treatment recommended by Dr. Schnapp is purely palliative, and not curative, so it is beyond Defendant's cure obligation.   Defendant argues that nowhere does Dr. Schnapp say that his recommended treatment plan will cure the underlying conditions.  Defendant argues that Dr. Schnapp's January 19, 2005 letter makes it clear that the nerve blocks, pain medication and physical therapy may, at best, reduce Plaintiff's pain.   Thus, Defendant reasons, the costs associated with these treatments are excluded from Defendant's cure obligation.

After reviewing the record, the Court finds that the medical treatment is clearly related to the work injury and aimed at resolving pain at the injury site so that the soft tissue has an opportunity to relax and heal.  This is a well-accepted treatment modality and is part of cure.  Accordingly, the Court finds that Plaintiff is entitled to cure.  However, the Court finds Plaintiff is not entitled to an award of

attorney's fees because the medical is confused with a non-work related issue and Defendant's failure to pay was not willful. **Compare Vaughan, 369 U.S. at 530-31(awarding attorney fees after concluding that the shipowner was "callous" and recalcitrant in its "willful and persistent" refusal to pay maintenance and cure which was "plainly owed.")**

Similarly, the Court finds that Plaintiff is not entitled to punitive damages. While the Seventh Circuit has not considered whether punitive damages are available under general maritime law, both the Fifth and Ninth Circuits have held that punitive damages are not available to seamen for their employer's willful failure to pay maintenance and cure. **See Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1512 (5th Cir. 1995)(en banc)(finding that punitive damages should not be available in *any* action for maintenance and cure, even in those contract-like actions that can only be brought under general maritime law); Glynn v. Roy Al Boat Management Corp., 57 F.3d 1495, 1505 (9th Cir. 1995)(same); see also Watters v. Harrah's Illinois Corp., 993 F. Supp. 667 (N.D. Ill. 1998)(Alesia, J.)(same)**. The Court finds the reasoning of the Fifth and Ninth Circuits persuasive on this issue.[1] Therefore, even assuming Defendant's failure to pay cure was willful and wanton – which it is not – Plaintiff would not be entitled to punitive damages.

---

[1]While Plaintiff points out that Judge Stiehl issued a decision finding punitive damages were available based on an analysis of Fifth Circuit case law, Judge Stiehl's decision was before **Guevara** which overruled earlier Fifth Circuit case law to the extent the case law allowed recovery of punitive damages for a defendant's willful and wanton failure to pay cure. **See White v. American River Transp. Co., 853 F. Supp. 300, 301 (S.D. Ill. 1993)(Stiehl, J.)**.

### III.  Conclusion

In conclusion, the Court **GRANTS in part** Plaintiff's Motion for Cure, Punitive Damages and/or Attorney Fees **(Doc. 14)**.  Specifically, the Court **DIRECTS** Defendant to comply with its cure obligations, and provide Plaintiff with the treatment outlined by Dr. Schnapp in his January 19, 2005 letter **(Doc. 15, Ex. K, Letter of Moacir Schnapp, M.D. to Kirk E. Karamanian dated Jan. 19, 2005)**.

Plaintiff's Motion for Cure, Punitive Damages and/or Attorney Fees is **DENIED** in all other respects.

**IT IS SO ORDERED.**

Signed this 1st day of June, 2005.

<u>/s/     David RHerndon</u>
**United States District Judge**