IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY FROST,**

    **Plaintiff,**

v.

**TECO BARGE LINE, INC.**

    **Defendant.**                                      **Case No. 04-cv-752-DRH**

**ORDER**

**HERNDON, District Judge:**

      Previously, this Court issued an Order (Doc. 47) on August 15, 2006, which granted Defendant's Motion for Additional Time to File Motions in Limine Related to Plaintiff's Expert's Opinions (Doc. 38). In particular, the Court allowed Defendant "leave to file any and all motions in limine in any way related to Dr. Barry I. Feinberg's opinions in this case within five (5) days of Dr. Feinberg's deposition" (Doc. 47). Now, Defendant again seeks an extension of time to file said Motion in Limine (Doc. 56). Defendant states that it the deposition of Dr. Feinberg was taken on December 7, 2006. However, due to the fact that Defendant has not yet been able to receive and review a transcript of this deposition, it requests an additional thirty days in which to file a Motion in Limine regarding Dr. Feinberg.

      The Court **GRANTS** Defendant's Motion for Extension of Time (Doc. 56), allowing Defendant until **January 12, 2006** to file any and all motions related

to objections regarding Dr. Feinberg.  Any motion filed in this regard should be a *Daubert* motion (now more appropriately described as a **Rule 702** motion) rather than a motion in limine.[1]

**IT IS SO ORDERED.**

Signed this 12th day of December, 2006.

/s/         David   RHerndon
**United States District Judge**

---

[1] As a caveat to its ruling on Defendant's instant Motion, the Court would like to note that in its August 15, 2006 Order, it failed to remind the parties of the following:

> *Daubert* motions should be filed soon after the objections to the expert are known as practicable.  Motions in limine are not the appropriate vehicle for pressing *Daubert* objections to an expert because they are not timely.  Many *Daubert* motions result in a hearing and, if granted, too close to a trial date, may result in a continuance.

United States District Court, Southern District of Illinois Homepage, Judge David R. Herndon, Pretrial Information, http://www.ilsd.uscourts.gov/herndonpretrial.html (last visited Dec. 12, 2006). *See also* FEDERAL RULE OF EVIDENCE 702; ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed.2d 469 (1993)**.

   This requirement should have been addressed by the Court earlier, but it was not, therefore, the parties are not expected to amend any of their Motions in Limine regarding objections to expert witnesses.  However, the Court does expect future endeavors to comply with Judge Herndon's *Daubert* requirement.