IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY FROST,**

    **Plaintiff,**

v.

**TECO BARGE LINE, INC.**

    **Defendant.**                                                                  **Case No. 04-cv-752-DRH**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

Defendant moves (Doc. 24), pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)**, for the Court to reconsider its prior June 1, 2005 Order (Doc. 18), which granted in part and denied in part Plaintiff's Motion to Compel Payment of Cure, Punitive Damages and/or Attorneys Fees (Doc. 14). The June 1, 2005 Order granted Plaintiff's request for Defendant to comply with its cure obligations for treatment as outlined by Dr. Schnapp in his January 19, 2005 letter to Plaintiff's counsel (*see* Doc. 15, Ex. K). The Court further denied Plaintiff's request for punitive damages and/or attorney's fees. Defendant seeks to stop its cure obligations, asserting that new evidence provides Plaintiff has reached maximum

medical improvement as of September 21, 2004. Additionally, Defendant seeks to be reimbursed for amounts paid to Plaintiff since September 21, 2004 (Doc. 24, p. 1). As subsequently discussed, Defendant's Rule 60(b) Motion (Doc. 24) must be denied.

## II. BACKGROUND

### A. Defendant's Motion

The Court, in its June 1, 2005 Order, found Plaintiff was entitled to cure because "the medical treatment [for Plaintiff] is clearly related to the work injury and aimed at resolving pain at the injury site so that the soft tissue has an opportunity to relax and heal" (Doc. 18, p. 4). Yet, the Court also cited law which holds that "where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved." (Doc. 18, p. 2, quoting **Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979)(citations omitted)**). This "incurable disease" approach also appears to be followed by the Supreme Court. **See Vella v. Ford Motor Co., 421 U.S. 1 (1975); Vaughan v. Atkinson, 369 U.S. 527 (1962)**. The Seventh Circuit has also cited to **Pelotto**. **See Cella v. United States, 998 F.2d 418, 430 (7th Cir. 1993)(affirming, among other things, the district court's determination that physician's diagnosis that the plaintiff was permanently medically disabled and therefore reached maximum medical cure, which terminated the obligation to**

**pay cure, even though continued medication would be necessary to maintain the plaintiff's condition)**.

The evidence Defendant asserts is "new" for the purposes of its Motion is testimony from Dr. Schnapp's April 6, 2006 deposition (Doc. 24, Ex. B). First, Defendant points to Dr. Schnapp's testimony stating that Plaintiff had reached maximum medical improvement as of September 21, 2004 (Doc. 24, p. 2, Ex. B, 43:17-23). Defendant also bases its request for relief upon Dr. Schnapp's testimony that the nerve block treatments given to Plaintiff do not serve to relax the soft tissue, but instead merely serve to "help[] the pain and facilitat[e] the rehabilitation" (Doc. 24, Ex. B, 56:16-22). This is contrary to the Court's finding in its June 1, 2005 Order that "the medical treatment is clearly related to the work injury and aimed at resolving pain at the injury site so that the soft tissue has an opportunity to relax and heal" (Doc. 18, p. 5). Thus, Defendant asserts that the Court's basis for granting the motion was erroneously founded upon a medical treatment that was never intended to relax the soft tissue, cause the tissue to heal or result in a cure. Further, Defendant argues that Dr. Schnapp's testimony provides that there *is* no cure for Plaintiff's underlying conditions; Dr. Schanpp admitted that the treatment has not changed any of Plaintiff's underlying conditions, nor will her degenerative conditions ever get better (Doc. 24, pp. 2-5). Therefore, based upon maintenance and cure legal precedent, Defendant seeks to terminate its cure payment obligation and seeks reimbursement.

**B.     Plaintiff's Opposition**

Plaintiff, in her opposing Response (Doc. 25), first takes issue with the procedural vehicle Defendant has chosen for its Motion, asserting that Rule 60(b) only applies to *final* judgment and orders, and not the Court's June 1, 2005 Order at issue. Plaintiff also objects to the notion of reimbursement, arguing that Defendant cites no legal authority supporting its request. Third, Plaintiff advocates for a broader interpretation of the term "condition," (as in "improvement of physical condition") which should encompass the medical term of "rehabilitation." This is what Plaintiff will continue to receive from the medical treatment: rehabilitation of her condition. Plaintiff cites to ***Costa Crociere, S.p.A. v. Rose*, 939 F. Supp. 1538, 1550 (S.D. Fl. 1996)**, a case from the Southern District of Florida, for legal support (*see* Doc. 25, pp. 2-5).

Lastly, Plaintiff objects to Defendant's assertion of "new evidence," because Dr. Schnapp's statement that Plaintiff was at her "maximum medical improvement" was part of Plaintiff's medical record before the Court at the time of its initial June 1, 2005 Order for cure. Therefore, any testimony referring to this fact is not "new" evidence for purposes of the Court's reconsideration. As Dr. Schnapp has indicated his prescribed treatment was designed to facilitate Plaintiff's rehabilitation, Plaintiff argues it is a proper element of cure and therefore, Defendant's Motion should be denied.

### III. ANALYSIS

A.  **Rule 60(b)**

Motions to reconsider interlocutory orders "are left subject to the complete power of the court rendering them" and should be granted "as justice requires." **Fed. R. Civ. P. 60 advisory committee's notes**. In other words, granting such relief should only be done if "consonant with equity." ***John Simmons Co. v. Grier Brothers*, 258 U.S. 82, 90-91 (1922)**; *see also* **12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004)**. Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." ***Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting ***Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)**, *aff'd*, **736 F.2d 388 (7th Cir. 1984)**). Reconsideration of prior decisions are allowed under **Rule 60(b)(3)** for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." **Fed. R. Civ. P. 60(b)(3)**. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." ***Caisse Nationale de Credit Agricole*, 90 F.3d at 1270**.

B.  **Whether Defendant Met Its Burden Under Rule 60(b)**

Defendant appears to advance the exact same arguments (i.e., Plaintiff's treatments are merely palliative in nature and will not cure) that it brought when

initially opposing Plaintiff's Motion for Cure Payments. The only "new" evidence is Dr. Schnapp's testimony that the nerve blocks do not serve to relax nerve tissue. Dr. Schnapp testified that Plaintiff had reached maximum medical improvement as of September 21, 2004 (Doc. 24, p. 2, Ex. B, 43:17-23), only because Plaintiff, at the time, had not wished to receive further treatment suggested by Dr. Schnapp. However, in his deposition, Dr. Schnapp somewhat retracted his finding that Plaintiff had reached maximum medical improvement once Plaintiff later decided she wanted to try treatment again, explaining that the nerve blocks did, in fact, help with her pain (Doc. 24, Ex. B. 46:9-55:4). Dr. Schnapp then testified that he believed that the subsequent treatment Plaintiff received caused functional improvement and improvement in her pain (Doc. 24, Ex. B. 69-70). He also testified that further treatment would likely lead to increased improvement of Plaintiff's condition (*Id.*).

The Court finds that Defendant's Motion (Doc. 24) for reconsideration is not well-taken. Not only does Defendant fail to show the Court's prior June 1, 2005 Order was legally erroneous, Defendant also fails to present "new" evidence warranting termination of its maintenance and cure obligation to Plaintiff. Although Dr. Schnapp testified in his deposition that he believed Plaintiff had reached maximum medial improvement when she initially refused to seek further treatment, it is clear from the remainder of his testimony that when Plaintiff changed her mind and sought this treatment, it improved her condition. From the evidence before the Court at this point, it seems that treatment will continue to improve Plaintiff's condition and thus, she has not reached her maximum medical improvement.

## IV. CONCLUSION

Accordingly, Defendant's Rule 60(b) Motion for Reconsideration (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 22nd day of January, 2007.

/s/        David   RHerndon
**United States District Judge**
