## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY FROST,**

      **Plaintiff,**

**v.**

**TECO BARGE LINE, INC.,**

      **Defendant.**                      **Case No. 04-752-DRH**

## <u>ORDER</u>

**HERNDON, District Judge:**

Defendant has filed a Motion for Leave to Amend the Final Pretrial Order ("FPTO") (Doc. 77), to which Plaintiff has filed an opposing Response (Doc. 78).  Defendant states that several events have transpired warranting its proposed amendments.  Specifically, Defendant proposes the following amendments to the FPTO by way of revision or additions to the attached exhibit list:

1.    Removal from the FPTO of the references to damages for neck injuries or related symptoms as Plaintiff has stipulated she is not seeking these damages any longer.

2.    Additional documentary evidence deemed necessary after the deposition of Plaintiff's medical expert, Dr. Feinberg, consisting of (1) medical records from Ozark Medical Center; and (2) x-ray and MRI films from Floyd Memorial Hospital, Ozark Medical Center and McNairy Regional Hospital.

3.    Demonstrative evidence/exhibits (diagrams and models) of the kitchen pantry on the towboat where Plaintiff allegedly fell.

4.    Evidence of Plaintiff's retirement benefits, as Defendant states

Plaintiff recently filed for retirement and it is relevant because Plaintiff claims damages for past and future loss of fringe benefits.

5.      Defendant's Short-Term Disability Policy to aid in determination of set-off, as Defendant states it recently learned Plaintiff not only received long-term disability benefits but short-term disability benefits as well.

6.      Three new witnesses to authenticate, verify the accuracy and explain the demonstrative evidence Defendant seeks to introduce of the kitchen pantry and to testify to the amount Plaintiff received from Defendant in retirement and disability payments for set-off determination.

In turn, Plaintiff objects to Defendant's proposed amendments for the following reasons:

1.      Additional Medical Records and MRI's - Plaintiff objects, stating Defendant has been in possession of these medical records since at least the beginning of October, 2006, at the latest.

2.      Demonstrative exhibits - Plaintiff objects, arguing that Defendant had not produced such evidence when Plaintiff specifically requested such items in discovery, it is untimely, prejudicial and likely to result in the need for additional discovery.  Further, Plaintiff has not had an opportunity to also inspect the towboat at issue.

3.      Evidence of set-off - Plaintiff objects, claiming Defendant waived this affirmative defense of set-off as it did not plead it in its Answer and should not be able to introduce evidence of either Plaintiff's retirement, long-term or short-term disability benefits.

Overall, Plaintiff's objections center on the assertion that Defendant's proposed amendments are untimely, will result in extreme prejudice, will require additional discovery and ultimately delay in the proceedings.  Also noteworthy is the

fact that at the time Defendant filed its Motion to Leave, the trial date was about one week away.  Since that time, however, the trial has been continued.  It is now set for a bench trial on May 21, 2007.  Additionally, the parties have each submitted their Trial Briefs.

Under **FEDERAL RULE OF CIVIL PROCEDURE 16(e)**, "[t]he order following a final pretrial conference shall be modified only to prevent manifest injustice." According to the Seventh Circuit, a court should consider the following four factors when deciding whether to allow an amendment to the FPTO: "(1) the prejudice or surprise in fact of the party against whom the proffered documents would have been submitted; (2) the ability of the party to cure the prejudice; (3) the extent to which waiver of the rule against admission of unlisted documents would disrupt the orderly and efficient trial of the case or of other cases in the court; and (4) bad faith and willfulness in failing to comply with the court's order." ***Smith v. Rowe*, 761 F.2d 360, 365 (7th Cir. 1985)(citing *Spray-Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir.1982), *aff'd on other grounds*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984))**.

Considering the four factors and the proximity of the trial date at the time Defendant filed its Motion and also considering the proximity of the most current trial date, the Court believes Defendant's proposed amendments should not be allowed.  Agreeing with the majority of Plaintiff's objections, the Court finds the amendments are untimely, prejudicial to Plaintiff, would likely lead to the need for

additional discovery and delay the upcoming trial.  Therefore, Defendant's Motion

for Leave to Amend Final Pretrial Order (Doc. 77) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of April, 2007.

/s/           David   RHerndon
**United States District Judge**