IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BETTY FROST,**

 **Plaintiff,**

**v.**

**TECO BARGE LINE, INC.,**

 **Defendant.**              **Case No. 04-752-DRH**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

  On March 27, 2007, Defendant moved for leave to amend its affirmative defenses (Doc. 91); Plaintiff opposes allowing Defendant leave (Doc. 92). Specifically, Defendant seeks leave to amend its Answer to state two additional affirmative defenses: (1) the affirmative defense of set-off from "any payments Plaintiff received from Defendant pursuant to Defendant's Short-Term Disability Policy," and (2) the affirmative defense that "[P]laintiff had a preexisting medical condition or disability in the area of her claimed injury that would have inevitably worsened such that Plaintiff can only recover that portion of her damages caused by the aggravating event" (Doc. 91, p. 1).

  Defendant moves pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)**, which requires that leave to amend be "freely given when justice so requires." However, leave to amend should not be permitted when the moving party has acted

with "undue delay, bad faith, dilatory motive" or when the amendment would cause the opposing party "undue prejudice." **See Forman v. Davis, 371 U.S. 178, 182 (1962)**. The decision to allow leave to amend is within in the discretion of the district court, but a denial of leave is only proper if justified. **Id.**

Plaintiff, on the other hand, does not believe Rule 15(a) is the proper standard to determine whether Defendant should be allowed leave. In her opposing Response, Plaintiff argues that because a final pretrial order ("FPTO") was entered in this case back on August 25, 2006 (Doc. 54). Plaintiff asserts that the FPTO "supersedes all prior pleadings and governs the issues and evidence to be presented at trial" (Doc. 92, p. 2, citing **Wilson v. Kelkhoff, 86 F.3d 1438, 1442 (7th Cir. 1996)**). Thus, the Court should instead look to **FEDERAL RULE OF CIVIL PROCEDURE 16(e)** to provide the appropriate legal standard in determining whether leave to amend should be allowed. The standard for permitting a modification of a FPTO under Rule 16(e) is when the amendment is necessary "to prevent manifest injustice." **See Gorlikowski v. Tolbert, 52 F.3d 1439, 1444 (7th Cir. 1995)(citing FED. R. CIV. P. 16(e);** *Matter of Delagrange***, 820 F.2d 229, 232 (7th Cir.1987))**. Under Rule 16(e), it is within the discretion of the district court to allow leave to amend. **Id.**

The Court finds that under either standard, Rule 15(a) or Rule 16(e), Defendant's request is unwarranted. Plaintiff initially argues that Defendant has waived its right to use this affirmative defense for failing to plead it either in its

Answer or in the FPTO and fails to offer a justifiable explanation accounting for its failure.  Further, Plaintiff notes that the addition of these two affirmative defenses, approximately seven months after entry of the FPTO, the filing of the parties' trial briefs and two months prior to the actual trial date, would unduly prejudice Plaintiff, as the discovery deadlines have long since passed.

Regarding Defendant's proposed "set-off" affirmative defense through its Short-Term Disability Policy, in her Response, Plaintiff states she requested this policy in February, 2005 (Doc. 92, p. 4, referring to Doc. 78, p. 3, Request for Production #34), but Defendant refused to produce[1] until February, 2007.  In its Reply (Doc. 93), Defendant does not dispute this or offer any reason for its delay in producing documents responsive to Plaintiff's request until three months prior to the trial date, after discovery has ended and subsequent to filing its Motion for Leave to Amend Final Pretrial Order (Doc. 77).[2]  Plaintiff also objects to Defendant's suggestion that she had the opportunity but failed to depose Janna Childress, one of Defendant's employees Defendant claims will testify regarding the Short-Term

---

[1] Plaintiff's Request for Production #34 sought:
**REQUEST NO. 34:** Copies of any policies of insurance through which medical, disability, wage or other benefits have been paid on Plaintiff's behalf.

Defendant's response was as follows:

**RESPONSE:**  Defendant objects on the grounds that this request is overbroad and unduly burdensome.

(Doc. 78, p. 3.)

[2] Incidentally, Defendant's Motion to Amend the FPTO (Doc. 77) was recently denied by the Court on April 20, 2007 (Doc. 94).  In its Motion, among other items, Defendant sought leave to add its Short-Term Disability Policy to the Exhibit List.

Disability Policy and benefits Plaintiff received therefrom. Plaintiff states that because Childress was never previously identified as a witness through discovery, on any witness list or in the FPTO, it begs the question of how Plaintiff should be at fault for failing to depose an unclosed witness? Again, Defendant provides no contrary assertion or excuse.

The Court agrees with Plaintiff's objections. Additionally, the Court believes Defendant's request is untimely considering the upcoming trial date of May 21, 2007. Therefore, in its discretion, the Court finds Defendant should not be permitted leave to amend its answer to add the affirmative defense of set-off regarding its Short-Term Disability Policy.

Regarding Defendant's second proposed affirmative defense Plaintiff's: preexisting medical condition and how Plaintiff should only be allowed to recover that portion of her damages caused by the aggravating event (Defendant terms it the "inevitably worsening doctrine"), the Court also finds Defendant's request to be untimely. Moreover, Defendant fails to cite any authority supporting its assertion of the "inevitably worsening doctrine" in its defense. Consequently, the Court does not believe this is not a proper measure of damages.

Plaintiff cannot claim aggravation of a preexisting condition or injury as a separate element of damages. **Luye v. Schopper, 809 N.E.2d 156, 165 (Ill. App. Ct. 2004)**. Yet, the preexisting condition does not operate as a type of damages set-off for Defendant. Instead, when determining damages for personal injury, Illinois Pattern Jury Instruction 30.01 allows the jury to consider "the aggravation of any

pre-existing ailment or condition."[3]  As evidence of Plaintiff's preexisting condition, Defendant looks to both the deposition of Dr. Moacir Schnapp on April 6, 2006, and the July 26, 2006 report of Dr. Atkinson.  Defendant reasons that Plaintiff will not be prejudiced as she had notice of this potential affirmative defense for nearly a year prior to Defendant's Motion.  However, in turn, this "notice" applies equally to Defendant and therefore, shines an unfavorable light upon Defendant's own reasoning.  As such, in the Court's discretion, Defendant's request to add this affirmative defense must be denied.

In sum, Defendant's Motion for Leave to Amend Affirmative Defenses (Doc. 91) is **DENIED**.

**IT IS SO ORDERED**.

Signed this 25th day of April, 2007.

/s/        David RHerndon
**United States District Judge**

---

[3] Illinois Civil Pattern Jury Instruction ("IPI") 30.01, when used in combination with IPI 30.03, used to allow aggravation of any pre-existing ailment or condition to be considered as a separate element of damages until the **Luye** case, which held this to be a factor, but not an element, of damage.  **Luye, 809 N.E.2d at 165**.  Since the **Luye** decision and also in light of **Hess v. Espy, 813 N.E.2d 270 (Ill. App. Ct. 2004)**, IPI 30.03 has been withdrawn.